1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   JOAQUIN JAY, II,                           CASE NO. 1:10-cv-00947-SKO PC

10                    Plaintiff,              ORDER DISMISSING COMPLAINT, WITH
                                              LEAVE TO FILE AMENDED COMPLAINT
11           v.                               WITHIN 30 DAYS

12   SGT. LARA, et al.,                        (Doc. 1)

13                    Defendants.
     _____/
14

15          Plaintiff Joaquin Jay, II ("Plaintiff") is proceeding pro se and in forma pauperis in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was incarcerated at Fresno County Jail at the

17   time of the events described in his complaint.  Plaintiff names Sergeant Lara, Lieutenant Vega, and

18   Lieutenant Porter as defendants ("Defendants").  For the reasons set forth below, the Court finds that

19   Plaintiff's complaint fails to state any cognizable claims.  The Court will dismiss Plaintiff's

20   complaint, with leave to file an amended complaint which cures the deficiencies identified in this

21   order.

22   **I.      Screening Requirement**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        In determining whether a complaint fails to state a claim, the Court uses the same pleading

4    standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

5    contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

6    R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

7    allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

8    accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

9    Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

10   accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

11   U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

12   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

13   (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

14   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

15   Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

17   **II.**    **Background**

18        Plaintiff alleges that on two separate occasions, "the investigative employee[sic] of Fresno

19   County Jail discriminated against [Plaintiff] by failing to provide/and or/conduct a complete -

20   unbiasd[sic] and timely investigation." (Compl. 5, ECF No. 1.)  Plaintiff filed complaints against

21   jail staff for misconduct on December 27, 2009 and March 14, 2010.  Plaintiff does not describe the

22   misconduct at issue in his complaints.  Plaintiff alleges that "investigative staff faild[sic]/and

23   or/refused to question witnessess[sic] [Plaintiff] put in the complaint" and "investigative staff

24   faild[sic]/and or/refused to take immediate action and iniciate[sic] an investigation regarding

25   [Plaintiff's] complaint against C/O P-Vang for misconduct." (Compl. 5, ECF No. 1.)  Plaintiff

26   claims that the investigative procedure is biased and Plaintiff is being discriminated against "because

27   [Plaintiff is] an inmate." (Compl. 6, ECF No. 1.)

28   ///

1    **III.**    **Discussion**

2            Plaintiff does not identify what the individuals named as defendants in this action did or

3    failed to do to violate Plaintiff's rights.   Plaintiff names Sergeant Lara, Lieutenant Vega, and

4    Lieutenant Porter as defendants but does not identify anything these individuals did or failed to do.[1]

5    Plaintiff does not identify what specific rights were violated by Defendants' conduct. The Court will

6    analyze Plaintiff's complaint as raising claims under the Equal Protection Clause because Plaintiff

7    alleges that he was discriminated against.   The Court will also liberally construe Plaintiff's complaint

8    as raising claims under the Due Process Clause.

9            **A.**    **Equal Protection Claims**

10           Plaintiff claims that prison officials at Fresno County Jail failed to investigate his complaints

11   because they were discriminating against him based on his status as an inmate.  The Equal Protection

12   Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne

13   Living Center, Inc., 473 U.S. 432, 439 (1985).  A plaintiff may establish an equal protection claim

14   by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's

15   membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th

16   Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions

17   were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St.

18   Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

19           If the action in question does not involve a suspect classification, a plaintiff may establish

20   an equal protection claim by showing that similarly situated individuals were intentionally treated

21   differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.

22   Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

23   Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin.

24   Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002).  To state an equal protection claim under

25   this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the

26

27           [1]Plaintiff's alleges that Fresno County Jail officials failed to investigate his complaints.  Presumably,
     Defendants are somehow involved with the investigation of inmate complaints.  However, Plaintiff fails to identify
28   how any of the Defendants are involved with the investigation of inmate complaints.

1   plaintiff was intentionally treated differently from others similarly situated; and (3) there is no

2   rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

3       Plaintiff's claim that he was discriminated against based on his status as an inmate is not

4   plausibly supported by his factual allegations.  To constitute discrimination actionable under the

5   Equal Protection Clause, Plaintiff must allege that he was treated differently from others similarly

6   situated.  Plaintiff has not alleged that he was treated differently from others similarly situated.

7   Plaintiff has not identified anyone who was given preferential or different treatment.  Plaintiff's

8   conclusion that he was discriminated against because he is an inmate is not plausible because the

9   officials at Fresno County Jail only investigate complaints filed by inmates at the jail.  The claim that

10  officials treated inmates differently is baseless because, presumably, the officials do not investigate

11  complaints filed by non-inmates.  Accordingly, Plaintiff fails to state any claims under the Equal

12  Protection Clause.

13      **B.   Due Process Claims**

14      The failure to investigate Plaintiff's inmate complaints does not rise to the level of a

15  constitutional violation.  Plaintiff does not have a constitutionally protected interest in the manner

16  in which his complaints are addressed.  "[An inmate] grievance procedure is a procedural right only,

17  it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495

18  (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez

19  v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

20  entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)

21  (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d

22  639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the

23  procedural protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F.

24  Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Plaintiff fails to state any

25  cognizable claims under Section 1983 based on the manner in which jail officials investigated his

26  complaints.

27  ///

28  ///

4

1   **IV.    Conclusion and Order**

2          The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

3   which relief may be granted under Section 1983.  The Court will provide Plaintiff with the

4   opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

5   See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

6   to amend should be granted even if no request to amend was made unless the court determines that

7   the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d

8   1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless

9   it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

10  Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his

11  amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

12         If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

13  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

14  constitutional or other federal rights.  "The inquiry into causation must be individualized and focus

15  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

16  to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

17  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

18  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

19  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

20  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

21         However, although Plaintiff's factual allegations will be accepted as true and "the pleading

22  standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

23  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

24  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

25  544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

26  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

27  alleged."  Id. (citing Twombly, 550 U.S. at 556).

28  ///

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

2  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

3  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

4  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

5  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

6  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

7  1474.  In other words, even the claims that were properly stated in the original complaint must be

8  completely stated again in the amended complaint.

9    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

10    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

11    2.    The Clerk's Office shall send Plaintiff a complaint form;

12    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

13          amended complaint;

14    4.    Plaintiff may not add any new, unrelated claims to this action via his amended

15          complaint and any attempt to do so will result in an order striking the amended

16          complaint; and

17    5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this

18          action be dismissed, with prejudice, for failure to state a claim.

19

20  IT IS SO ORDERED.

21  **Dated:    March 16, 2011**            _____/s/ **Sheila K. Oberto**_____
                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6